1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MEDIC AMBULANCE SERVICE,

11          Plaintiff,

       v.                                    NO. CIV. S-08-1256 GGH

12

13   NATIONAL EMERGENCY MEDICAL
     SERVICES ASSOCIATION,

14          Defendant.              ORDER

15   _____/

16          Previously pending on this court's law and motion calendar for August 14, 2008,

17   were plaintiff's amended motion to vacate arbitration award and defendant's motion to enforce

18   arbitration award, filed June 13 and July 27, 2008, respectively.[1]  Michael Pedhirney appeared for

19   Medic Ambulance Service ("Medic").  Timothy Talbot represented National Emergency Medical

20   Services Association ("NEMSA").  Having heard oral argument and reviewed the parties' filings,

21   the court now issues the following order.

22   BACKGROUND

23          On March 13, 2008, arbitrator Karen Andres issued an arbitration award, and on

24   May 29, 2008, after reconsideration, she affirmed the award.  The award relates to a grievance

25   _____

26          [1]  The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed
     before a magistrate judge).

                                              1

filed by NEMSA, the union representing paramedic Eric Sponsler, against Medic, Sponsler's employer, a company that provides ambulance services.  The terms of his employment were controlled by a collective bargaining agreement ("CBA").  According to Medic, on April 13, 2007, Sponsler was suspended for failing to properly inventory his ambulance unit.  The parties agreed to put him on a Performance Improvement Plan ("PIP").  The PIP stated that any violation of its terms would result in a non-grievable termination.  On April 26, 2007, Sponsler was terminated for falsifying an inventory sheet in violation of the PIP.  NEMSA filed a grievance on Sponsler's behalf, and it proceeded to arbitration.

The arbitrator found that Sponsler's conduct did not violate the PIP and ordered Medic to reinstate the grievant with back pay from the time of his termination.  Medic argued that §10.5 of the CBA specifically states that liability for back wages, time off accrual or other economic benefit is limited to three months pay for the grievance with no reinstatement. NEMSA argued that § 10.05 does not apply to the dispute because it does not apply to a PIP, and that the CBA could not be read together with the PIP because the CBA requires just cause for termination.  After reconsideration of these points, the arbitrator affirmed the award.

Medic's motion contends that the arbitration award violates the plain language of the CBA which does not permit reinstatement, and therefore the arbitrator exceeded her authority in reinstating employee Sponsler.  NEMSA's motion contends that the arbitrator acted within her authority and the parties agreed that the award would be final and binding.  NEMSA contends that since the arbitrator found no misconduct, § 10.05 was not implicated.

DISCUSSION

    A.  Legal Standards

Judicial review of an arbitrator's decision in a labor dispute is "extremely narrow." Federated Dep't Stores v. UFCW, Local 1442, 901 F.2d 1494, 1496 (9th Cir.1990) (citations omitted).  Federal courts recognize that the grievance procedure is part of the continuing collective bargaining process, and therefore have long given deference to the arbitrator's decision

1    because "[i]t is the arbitrator's construction which was bargained for; and so far as the arbitrator's

2    decision concerns construction of the contract, the courts have no business overruling him

3    because their interpretation of the contract is different from his."  Id., *(citing* United

4    Steelworkers of Am. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960)).  "It is not the

5    court's role to determine whether the arbitrator has reached the same result the court would have

6    reached." Local Joint Executive Board of Law Vegas v. Riverboat Casino, Inc., 817 F.2d 524,

7    527 (9th Cir. 1987).

8            Judicial scrutiny of an arbitrator's decision is extremely limited.
             The arbitrator's factual determinations and legal conclusions
9            generally receive deferential review as long as they derive their
             essence from [the collective bargaining agreement]. If, on its face,
10           the award represents a plausible interpretation of the contract,
             judicial inquiry ceases and the award must be enforced. This
11           remains so even if the basis for the arbitrator's decision is
             ambiguous and notwithstanding the erroneousness of any factual
12           findings or legal conclusions.

13   (Id.) (citations omitted).  In fact, the standard of review has been described as "among the

14   narrowest known to the law."  Litvak Packing Co. v. United Food and Commercial Workers,

15   Local Union No. 7, 886 F.2d 275, 276 (10th Cir. 1989).

16           Despite this general deference, the Supreme Court has defined three exceptions

17   permitting the court to vacate an arbitration award:

18           (1) when the arbitrator's award does not 'draw its essence from the
             collective bargaining agreement' and the arbitrator is dispensing
19           'his own brand of industrial justice,' (2) when the arbitrator
             exceeds the boundaries of the issues submitted to him; and (3)
20           when the award is contrary to public policy.

21   Federated Dep't Stores, 901 F.2d at 1496 (internal citations omitted).

22           Evidentiary hearings are not required on challenges to arbitration awards under 9

23   U.S.C. § 10.  Barinaga v. Cox, 2007 WL 184687, *2 (D. Or. 2007).  Although some motions to

24   vacate arbitration awards may necessitate evidentiary hearings outside the record, the district

25   court has discretion to dispose of the issues based on the record submitted by the parties, and is

26   not required to conduct a de novo review or undertake evidentiary development.  Legion Ins. Co.

3

1    v. Insurance Gen'l Agency, 822 F.2d 541, 542-43 (5th Cir.1987).

2         B.  Analysis

3           Medic argues that the arbitrator dispensed her own brand of industrial justice in

4    deciding that § 10.05 does not apply to PIPs, and consequently failed to apply the plain language

5    of this section.  Medic claims that § 10.05 limits liability to back wages, time off accrual or any

6    other economic benefit to "three months' pay for the grievance with no reinstatement."  Manfredi

7    Decl., ¶ 2, Ex. 1, p. 18.  Medic argued to the arbitrator that a PIP, like any last chance agreement,

8    provided the grievant with fewer rights than he had under the CBA, but the arbitrator rationalized

9    that a limit on back pay is "unheard of" based on her experience and that "it is unfathomable [a

10   clause disallowing reinstatement] would apply when an arbitrator's decision completely

11   exonerated the grievant."  Pedhirney Decl., ¶ 17, Ex. 15, p. 8.

12          The pertinent sections of the CBA provide in part:

13        Section 9.01 Discipline and Discharge

14        The Employer shall have the right to discharge or suspend or take
     other disciplinary action 'for just cause.'  'Just cause' discipline
15        shall include ...
          ...
16        16. Failure to restock or refuel an ambulance or complete
     paperwork shall be grounds for job abandonment

17

18        Section 10.05 Liability

19        Liability for back wages, time off accruals or any other economic
     benefit, shall be limited to three (3) months' pay for the grievance
20        with no reinstatement.

21   Manfredi Decl., Ex. 1 at 15, 18.  The CBA precludes the arbitrator from modifying any provision

22   of that agreement.  Section 10.01.  Id., at 17.

23          The PIP at issue states in part that Sponsler agreed to a four day suspension, and

24   to a one year PIP, and that "any violation of the PIP is non-grievable and will result in immediate

25   termination."  Pedhirney Decl., Ex. 1 at 9.

26   \\\\\

4

1    In her initial decision, the Arbitrator Andres found that Sponsler did not violate

2    the terms of the PIP.  She directed that he be restored to his position.  Pedhirney Decl., Ex. 1 at

3    20.  In her decision on reexamination, the arbitrator determined to reconcile § 9.01 which

4    requires "just cause" for termination, and § 10.05 which limits liability to three months pay and

5    does not permit reinstatement.[2]  In concluding to affirm her earlier decision, the arbitrator

6    reasoned that a clause such as § 10.05 was unheard of in her experience, that it was unfathomable

7    that such a clause would apply when a discharge was reduced to a suspension and the arbitrator's

8    decision completely exonerated the grievant, and that it is contrary to reason that any discipline

9    would be meted out when an employee is found innocent of the offense charged.  Pedhirney

10   Decl., Ex. 15 at 8.

11   This interpretation of the pertinent provisions of the CBA is a plausible one.  The

12   clause at issue, § 10.05, is awkward at best.  Although this section begins: "liability for back

13   wages...," what it states in legal language is liability for a remedy.  As such, it is poorly worded.

14   It could reasonably be parsed to read: these are the remedies without reinstatement.  In other

15   words, if reinstatement occurs, remedies are inside § 10.5 and are full.  It could alternatively be

16   read to mean that liability for back pay is limited to three months pay.  It could also be read as

17   Medic would urge, that reinstatement is never permitted.  The problem with the clause is that it is

18   at odds with § 9.01 which requires just cause in order to discharge an employee.  If read the way

19   Medic contends, § 10.05 would not permit reinstatement even if the termination was found to be

20   unjust; thus resulting in the unintended outcome of permitting termination without just cause.

21   Such a reading of the contract is not a plausible one because it renders the just cause requirement

22   illusory.  Rather, the arbitrator's interpretation is a plausible one.  The arbitrator's reasoning that

23   it was unfathomable that such a clause would apply when the grievant was completely

24

25   [2] An arbitrator may admit or rely on evidence normally inadmissible under the Federal
     Rules of Evidence.  Sunshine Min. Co. v. United Steelworkers of Am., 823 F.2d 1289, 1295 (9th
26   Cir. 1987).

1  exonerated, must be given deference.  As stated by the Ninth Circuit Court of Appeals:

2          When interpreting a collective bargaining agreement, the
           'arbitrator's source of law is not confined to the express provisions
3          of the contract, as the industrial common law - the practices of the
           industry and the shop - is equally a part of the collective bargaining
4          agreement although not expressed in it.'  Warrior & Gulf Co., 363
           U.S. at 581-82, 80 S.Ct. at 1352-53.  The arbitrator's finding is not
5          beyond the essence of the contract if it is derived from the
           arbitrator's unique expertise.  Id.

6

7  Federated Dept. Stores v. United Foods & Commercial, 901 F.2d at 1497.  See also SFIC

8  Properties Inc. v. Int. Ass'n. Of Machinists, etc., 103 F.3d 923, 925 (9th Cir. 1996) ("'The

9  arbitrator's finding is not beyond the essence of the contract if it is derived from the arbitrator's

10 unique expertise.'" (quoting with emphasis from Federated).

11         Furthermore, if Sponsler had violated the PIP, there would be just cause to

12 terminate him.  The arbitrator found, however, that the PIP had not been violated and therefore

13 there was no just cause to terminate Sponsler.  The parties do not dispute the facts, specifically

14 that Sponsler did not violate the PIP.  Based on the lack of misconduct, § 10.05 was not

15 implicated, and reinstatement was therefore appropriate.

16         The court finds that the arbitrator's interpretation of the CBA was a plausible one,

17 and that she was not dispensing her own brand of industrial justice.  Therefore, her interpretation

18 of the pertinent clauses will not be disturbed.

19 CONCLUSION

20         Accordingly, IT IS ORDERED that:

21         1.  Medic's amended motion to vacate arbitration award, filed June 13, 2008, is

22 denied;

23         2.  NEMSA's motion to confirm and enforce arbitration award, filed July 27,

24 2008, is granted;

25 \\\\\

26 \\\\\

                                            6

1             3.  Judgment is ordered entered in favor of NEMSA.

2  DATED: 12/01/08

3                                 /s/ Gregory G. Hollows

                              _____

4                               GREGORY G. HOLLOWS

                              UNITED STATES MAGISTRATE JUDGE

GGH:076

5  Medic1256.arb.wpd

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26